IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAWN S. WARD, )
)
Petitioner, )
)
v. ) Civil Action No. 3:14CV11–HEH
)
HAROLD W. CLARKE, )
)
Respondent. )

# MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Shawn S. Ward ("Ward"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") (ECF No. 4) challenging his convictions in the Circuit Court for the City of Chesapeake ("Circuit Court"). Respondent moves to dismiss on the grounds that the one-year statute of limitations governing federal habeas petitions bars Ward's § 2254 Petition. Respondent provided Ward with the appropriate *Roseboro* notice[1] (ECF No. 11). Ward has responded. For the reasons set forth below, the Motion to Dismiss will be granted.

## I. PROCEDURAL HISTORY

### A. Original Convictions and Direct Appeal

On August 3, 2009, the Circuit Court entered final judgment against Ward for two counts of malicious wounding, use of a firearm in the commission of malicious wounding, statutory burglary of a dwelling while armed, use of a firearm in the

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

commission of burglary, second degree murder, use of a firearm in the commission of murder, wearing a mask in public, attempted murder, and use of a firearm in the commission of attempted murder/malicious wounding. *Commonwealth v. Ward*, Nos. CR08–1496 through CR08–1499 and CR08–1555 through CR08–1560, at 1, 3 (Va. Cir. Ct. Aug. 3, 2009). Ward appealed, but the Supreme Court of Virginia denied Ward's petition on December 20, 2010. *Ward v. Commonwealth*, No. 101460, at 1–2 (Va. Dec. 20, 2010).

### B.  State Habeas

On November 30, 2011, Ward filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. *See Ward v. Warden of the Wallens Ridge State Prison*, No. 112132, at 1 (Va. May 23, 2012). The Supreme Court of Virginia dismissed the petition on May 23, 2012. *Id.* at 2.

### C.  § 2254 Petition

Ward filed his original § 2254 Petition with this Court (ECF No. 1) on December 17, 2013.[2] His Amended § 2254 Petition brings the following claims for relief:

| | |
|---|---|
| Claim One | Counsel failed to make a timely objection to prosecution's use of peremptory strikes to remove three African American venire persons. |
| Claim Two | The Circuit Court improperly refused to provide the jury with Ward's jury instruction regarding witness misidentification. |

---

[2] The Court deems the petition filed on the date Ward executed his original request for federal habeas relief and presumably placed it in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988). By Memorandum Order entered February 12, 2014, the Court required Ward to refile his petition on the standard forms for filing a § 2254 petition. Ward's Amended Petition (ECF No. 4) supplanted the original filing. The Court employs the pagination assigned to Ward's submissions by the CM/ECF docketing system.

2

    Claim Three        The Circuit Court improperly limited the cross-examination of Erica Arnold.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Ward's judgment became final for the purposes of the AEDPA on March 21, 2011, when the time for filing a petition for a writ of certiorari with the Supreme Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1). The limitation period began to run on March 22, 2011 and ran for 253 days before Ward filed his first state petition for a writ of habeas corpus on November 30, 2011. *See* 28 U.S.C. § 2244(d)(2).

### B. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of

4

the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)").

For Ward, the statute of limitations tolled when he filed his state petition for a writ of habeas on November 30, 2011, until the Supreme Court of Virginia dismissed that petition on May 23, 2012. The limitation then recommenced on May 24, 2012, and ran for 572 days before Ward filed his initial request for federal habeas relief on December 17, 2013. Because the limitation ran for 825 days before Ward filed his request for federal habeas relief, the statute of limitations bars Ward's Amended § 2254 Petition unless Ward demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Ward fails to demonstrate either.

Ward suggests that the Court can ignore the statute of limitations in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The decision in *Martinez* "relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition . . . ." *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014) (emphasis omitted). The decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.* at 1262 (citing *Chavez v. Sec'y, Fla. Dep't Corr.*, 742 F.3d 940, 946–47 (11th Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014)). Accordingly, the Motion to Dismiss (ECF No. 8) will be granted.

5

## III. OUTSTANDING MOTION

On September 10, 2014, the Court received from Ward a Motion to Amend, wherein he seeks to add the following claim:

> Claim Four  Counsel performed deficiently by failing "to argue in the Motion to Strike the evidence that [the evidence] was insufficient to prove that Barksdale or the petitioner actually fired the shots which killed Nyasia Tillman, wounded Mary Arnold and [wounded] Bernard Person." (Br. Supp. Mot. Amend 7, ECF No. 15 (capitalization corrected).)

Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing cases). Leave to amend is appropriately denied as futile when, as is the case here, the statute of limitations bars the new claim. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). Accordingly, Ward's Motion to Amend (ECF No. 14) will be denied.

## IV. CONCLUSION

The petition for a writ of habeas corpus will be denied. The action will be dismissed. The Court denies a certificate of appealability.

An appropriate Order shall issue.

Date: **Nov. 6, 2014**
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE